IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT D. WOODS,** | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RWT-09-1403 |
| **WARDEN,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On May 28, 2009, the Court received a correspondence from Plaintiff, which was construed as a civil rights action filed pursuant to 42 U.S.C. § 1983. (Paper No. 1.) Plaintiff was directed to supplement his Complaint. (Paper No. 3.) Plaintiff filed a Supplemental Complaint, but the Court found the submission to be lacking and directed further supplementation. (Paper Nos. 3, 5 and 6.) The Court has received Plaintiff's third Supplemental Complaint. (Paper No. 8.)

Plaintiff claims that he was subjected to an unlawful search and seizure. Plaintiff states that he was subsequently arrested, tried, and convicted. He further states that, during his state criminal proceedings, he moved to suppress the fruits of an unlawful search and seizure, but his request was denied after hearing. (Paper No. 8.)

A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 & nn. 6-8 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been

1

invalidated."). Plaintiff has failed to demonstrate that his conviction has been reversed, expunged, or invalidated.[1]

In light of the foregoing, this case shall be dismissed. A separate Order follows.

November 20, 2009  /s/
Date  ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff claims that there were constitutional deficiencies in his state court criminal proceedings, he is free to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after first exhausting his state court appellate and post-conviction remedies.